FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

2015 DEC 18  P 2: 43

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

ERIC FLORES,                                    *

                                                *

        Plaintiff,                              *

                                                        Case No.: GJH-15-3007
v.                                              *

UNITED STATES ATTORNEY                          *
 GENERAL, et al. ,                              *

                                                *

        Defendants.                             *

*     *     *     *     *     *     *     *     *     *     *     *     *     *

### MEMORANDUM OPINION

On October 16, 2015, Eric Flores, a self-represented Plaintiff who resides in El Paso,

Texas, filed a 64-page Complaint captioned as a "Petition to Challenge the Constitutionality of

the First Amendment" and an Application to Proceed in District Court without Prepaying Fees or

Costs. ECF No. 1. The application shall be granted. In addition, Flores has filed a Motion to

Transfer all his pending cases raising a challenge to the constitutionality of the First Amendment

to the District of Columbia for consolidation and coordinated pre-trial proceedings. ECF No. 3.

For reasons to follow, Flores's Motion shall be denied.

Flores asserts that venue is proper in this district under 28 U.S.C. § 1391 because

"respondents residency or place of business is within the geographic location of Greenbelt,

Maryland and that respondents acts or omissions that give rise to the legal claims occurred from

within the geographic location of Greenbelt, Maryland." ECF No. 1 at 5. As best as can be

discerned, Flores alleges that he and sixteen other Mexican-American citizens of the United

States of America have been subject to the unlawful interference with their criminal

prosecutions, freedom of speech, religious practices, and marriages. He seeks declaratory and

injunctive relief.[1]  ECF No. 1 at 4, 6, 21-64.

## I. Plaintiff's Claims

Plaintiff's factual statement of his claim includes many fanciful allegations.  He first sets

out a number of legal statements and conclusions. Flores then asserts that while confined as a

pre-trial detainee in the Western District of Texas, he filed a federal action alleging that his civil

rights were violated when "an organized groups of executive employees of the federal

government" impersonated jail detention officers and engaged in acts or omissions that deprived

him of due process rights as "accused in a criminal case" and interfered with his outgoing legal

mail to prevent him from communicating to the federal court. Flores further complains that he

was retaliated against for filing that action by the "use of advanced technology with a direct

signal to the satellite in outer space that has the capability of calculating genetic code to cause his

Uncle Jorge Salas severe heart pain for long durations exceeding calendar years." ECF No. 1 at

7-8.

---

[1]  Flores asks that this matter be certified to proceed as a class action under Fed. R. Civ. P. 23. ECF No. 1
at 2. Class certification shall be denied. Among the requirements which litigants must meet in order to
maintain a class action is the requirement that the "representative parties will fairly and adequately protect
the interests of the class." *See* Fed. R. Civ. P. 23(a)(4). Flores, as a self-represented litigant, cannot
represent others in a class action. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

Flores raises other claims including, but not limited to, that federal executive employees tortured his uncle and fabricated his uncle's autopsy report; deprived Flores of his First Amendment rights by disposing of letters he wrote from the Texas detention facility to complain about its employees; used the aforementioned "advanced technology" to cause him severe mental pain; electronically filed frivolous documents in the appellate courts to dismiss Flores's judicial misconduct complaint; impersonated officers and followed him while he was attending classes at a community college in Texas; used nuclear advanced technology in the "equivalent in intensity to the explosion of a nuclear weapon" to cause him mental pain and severe heart discomfort; bribed U.S. Postal employees to steal or throw away his outgoing legal mail to the Department of Justice or the federal courts in Washington, D.C.; and used deadly technology to torture a postal employee and to fabricate reports setting out his cause of death as a heart attack. ECF No. 1 at 9-21.

## II. Failure to State a Claim

This Court must conduct a preliminary review of the Complaint's allegations before service of process and dismiss them if satisfied that the Complaint has no factual or legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In *Neitzke v. Williams*, the U.S. Supreme Court held that a district court may dismiss the complaint of a pro se litigant under 28 U.S.C. § 1915(e)(2)(B) when the complaint lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Neitzke* explained that "[§ 1015(e)(2)(B)] accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose

factual contentions are clearly baseless." *Id.* at 327. Additionally, under *Denton v. Hernandez*, a court may dismiss as frivolous in forma pauperis complaints whose factual allegations are fanciful, fantastic, delusional, irrational, or wholly incredible, but not those which are simply unlikely. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Indeed, § 1915 was amended after *Neitzke* and *Denton*, such that now the statute *mandates* that a district court "shall dismiss" a case upon a finding that the Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Flores's claims are wholly implausible and entirely irrational. Even when providing a generous review to the self-represented Petition, *see, e.g.*, *Erikson v. Pardus*, 551 U.S. 89, 94, 127 (2007), it is appropriate to dismiss Flores's Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that a complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not allege enough facts to state a claim to relief that is plausible on its face); *Neitzke*, 490 U.S. at 325–28.

### III. Res Judicata

The affirmative defense of res judicata also provides grounds for dismissal under Fed. R. Civ. P. 12(b)(6), because it "'bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (citation and internal quotation marks omitted)). The doctrine of res judicata encompasses two

4

concepts: claim preclusion and issue preclusion, or collateral estoppel. *See In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The doctrine of res judicata contemplates that courts not be required to adjudicate nor defendants to address successive actions arising out of the same transaction and asserting breach of the same duty. *See Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 563 (5th Cir. 1983). For a prior judgment to bar an action on the basis of res judicata, the prior judgment must be final, on the merits, and rendered by a court of competent jurisdiction in accordance with due process; the parties in the two actions must be either identical or in privity; and, the claim in the second action must be based upon the same cause of action involved in the earlier proceeding. *See Grausz v. Englander*, 321 F.3d, 467, 472 (4th Cir. 2003). "It is well established that dismissals with prejudice – including those resulting from settlement agreements or consent decrees – are treated as final judgments on the merits for purposes of res judicata." *Jacobs v. Venali*, 596 F. Supp. 2d 906, 914 (D. Md. 2009).

A review of Flores's prior federal court filings under the federal court Public Access to Court Electronic Records (PACER) system reveals that he has filed approximately approximately 240 cases, and has filed the identical "petition" in the districts of Massachusetts, Connecticut, Delaware, Ohio, Michigan, New Hampshire, New Jersey, Pennsylvania, Rhode Island, New York, Virginia, and West Virginia.[2] The courts have dealt with Flores's Petition against the

---

[2] *See Flores v. U.S. Attorney General, et al.*, No. GAO-14-10183 (D. Mass. 2014); *Flores v. U.S. Attorney General*, No. VLB-14-78 (D. Conn. 2014); *Flores v. U.S. Attorney General*, No. LPS-14-096 (D. Del. 2014); *Flores v. U.S. Attorney General*, No. ALM-14-84 (D. Ohio 2014); *Flores v. U.S. Attorney General*, No. PLM-14-099 (D. Mi. 2014); *Flores v. U.S. Attorney General*, No. JL-14-030 (D.N.H. 2014); *Flores v.*

Attorney General and the Federal Bureau of Investigation ("F.B.I.") in different manners, i.e.,

referral to a Magistrate Judge, transfer to the District of Texas, or dismissal as frivolous. Flores is

barred from filing this lawsuit under the grounds of res judicata as the very same Petition, filed in

multiple federal courts, has been subject to dismissal as frivolous in the districts of New Jersey

and New York. *See Flores v. U.S. Att'y Gen.*, No. JBS-14-461 (D. N.J. Jan. 29, 2014); *Flores v.*

*U.S. Att'y Gen.*, No. JFB-14-617 (E.D.N.Y. Feb. 12, 2014). The Court finds that Flores is

estopped from what is in essence an attempt to re-litigate his claims against Defendants.

## IV. Abuse of Process

In filing this same action in other federal districts, Flores has abused the court process.[3]

Given the summary dismissal of the Complaint, however, the imposition of a filing injunction is

necessary. Flores is placed on notice that all future cases he files in this Court shall be subject to

pre-filing PACER screening. Moreover, to the extent that Flores may attempt to file other

frivolous Complaints alleging that Defendants are using high-tech satellites from outer space to

interfere with him and family members, such an action would constitute an abuse of the judicial

process. District courts have "inherent power to control the judicial process and litigation" when

---

*U.S. Attorney General*, No. JBS-14-461 (D.N.J. 2014); *Flores v. U.S. Attorney General*, No. NBF-14-017
(W.D. Pa. 2014); *Flores v. U.S. Attorney General*, No. LSA-14-042 (D.R.I. 2014); *Flores v. U.S. Attorney
General*, No. JFB-14-617 (E. D. N.Y. 2014); *Flores v. U.S. Attorney General*, No. JPJ-14-04 (W.D. Va.
2014); *Flores v. U.S. Attorney General*, No. IMK-14-019 (N.D.W. Va. 2014); *Flores v. U.S. Attorney
General*, No. GMG-14-13 (N.D.W.Va. 2014).

[3] A review of the PACER docket reveals that from October 15 through October 19, 2015, Flores filed the
same "Petition" in district courts in Tennessee, Washington, South Dakota, New Mexico, Michigan, North
Dakota, Oklahoma, West Virginia, South Carolina, Vermont, Oregon, Texas, New Jersey, Ohio, Indiana,
Mississippi, New York, Rhode Island, New Hampshire, Colorado, Georgia, Connecticut, Arizona,
Alabama, Delaware, Nevada, Nebraska, Montana, Florida, Louisiana, Kentucky, and Maine.

necessary to address conduct that abuses the judicial process. *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). This Court has an obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation involving vexation, harassment, and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel. *See Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986); *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004). Flores is forewarned that his filing of similar actions will not be tolerated. If Flores persists in filing such complaints, the Court may impose sanctions against him under Fed. R. Civ. P. 11.[4]

A separate Order shall be entered reflecting the rulings entered herein.

Dated: __December 18, 2015__

GEORGE J. HAZEL
United States District Judge

---

[4] The Court observes that the U.S. Supreme Court has barred Flores from filing in forma pauperis petitions in non-criminal matters. *See Flores v. Holder*, 132 S. Ct. 2397, 182 L. Ed. 2d 1014 (2012). In addition, Flores is barred from filing "complaints, petitions, or other documents" in the District of Texas without pre-payment of the civil filing fee. *See Flores v. U.S. Attorney General*, EP-11-cv-158-DB-RPM (W.D. Tex. 2011).